IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50215
Conference Calendar

_____

ALTON JEROME MOORE,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-13
--------------------

August 27, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Alton Jerome Moore challenges the district court's dismissal of his lawsuit seeking damages from the U.S. for alleged wrongs and omissions surrounding his arrest for possession of crack cocaine with the intent to distribute. The district court erred in construing the complaint as a <u>Bivens</u>[**] action since the suit was brought against only the United States for its wrongful acts and omissions, not against any named

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971).

individual federal agents.  See Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1295 (5th Cir. 1994) (Bivens is the vehicle by which the victim of a constitutional violation by a federal agent may recover damages against the federal agent in federal court).

Nevertheless, dismissal of the complaint was appropriate. As the district court determined, because resolution of this action would necessarily impact the validity of Moore's conviction and sentence, Heck v. Humphrey, 512 U.S. 477 (1994), mandates dismissal since no cause of action accrues unless and until Moore can show that he has obtained some measure of success through postconviction proceedings.

AFFIRMED.